IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

6711 GLEN BURNIE RETAIL, LLC,
    Appellant,

v.                                                                     Civil Action No. 3:18-cv-491-JAG

TOYS "R" US, INC.,
    Appellee.

## OPINION

In July, 2018, the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court") approved the assignment of a sublease held by Toys "R" Us, Inc. ("TRU"), in a Maryland shopping center. The owner of the shopping center, 6711 Glen Burnie Retail, LLC ("Glen Burnie"), objects to the assignment.

Glen Burnie owns The Centre at Glen Burnie. The Bankruptcy Court approved the replacement of TRU with a business known as Ollie's Bargain Outlet. Glen Burnie takes exception to the addition of Ollie's to its mix of stores. The developers of The Centre at Glen Burnie have high class plans for the Centre. They plan to "de-mall," "redevelop," and "reposition" the Centre. Segall Group, *The Centre at Glen Burnie*, https://www.segallgroup.com/properties/the-centre-at-glen-burnie/ (last visited December 25, 2018). Apparently, this refurbishment will make the Centre more upscale. In contrast to Glen Burnie's vision, Ollie's makes no appeal to aristocratic shoppers; it uses a simple slogan at its several stores: "Good Stuff Cheap." Ollie's Bargain Outlet Home Page, https://www.Ollies.us/home.html (last visited December 25, 2018). Glen Burnie's plans apparently do not include the like of Ollie's.

To short circuit the arrival of Ollie's, Glen Burnie tried to exercise its recapture rights under the lease to prevent the assignment. The Bankruptcy Court overruled Glen Burnie's objection and entered an order approving the transfer ("Sale Order"). Glen Burnie now appeals that order.

Because Glen Burnie did not seek a stay of the assignment to Ollie's, the Court cannot disturb the Sale Order on appeal. In any event, the recapture clause in the parties' lease constitutes an unenforceable anti-assignment provision under the Bankruptcy Code, so Glen Burnie cannot use the clause to prevent the Ollie's assignment. For these reasons, the Court will affirm the Bankruptcy Court's Sale Order.

## I. BACKGROUND

Glen Burnie and TRU entered into a sublease in 1981 that allowed TRU to put a store in Glen Burnie's shopping center. As part of TRU's bankruptcy proceedings, TRU auctioned its interest in the lease on June 11, 2018. Ollie's bid $2.05 million, defeating Glen Burnie's bid of $2.0 million. After the auction, Glen Burnie sought to invoke a recapture provision in the lease. The provision allowed Glen Burnie to reclaim leased premises by (1) providing notice within a specified time following the tenant's decision to assign the lease, and (2) repaying the tenant for its capital investments in the property.

The Bankruptcy Court held a hearing on Glen Burnie's objection to the assignment and determined that the recapture provision in the lease constituted an impermissible anti-assignment clause under 11 U.S.C. § 365(f)(1). After the Bankruptcy Court made its decision, Glen Burnie asked the court to delay entering an order deeming Ollie's a good faith purchaser pursuant to 11 U.S.C. § 363(m), a provision that allows good faith purchasers to rely on the finality of bankruptcy orders. The Bankruptcy Court agreed to wait to enter the order so that Glen Burnie could "seek appellate rights, including a stay." (Hr'g Tr. 32:14-24, July 2, 2018.) The Bankruptcy Court thus

2

entered the Sale Order on July 9, 2018, but waited until July 19 to issue a supplemental order characterizing the transaction as a sale agreement and deeming Ollie's a good faith purchaser under § 363(m). Glen Burnie did not seek a stay during this time, but filed the instant appeal seeking to reverse the Sale Order.[1]

## II. DISCUSSION[2]

### 1. *Statutory Mootness*

This Court's reversal or modification of a sale or lease of property will have no effect unless "such sale or lease [is] stayed pending appeal." 11 U.S.C. § 363(m). "[A] stay keeps the disputed property within the jurisdiction of the bankruptcy court, and it forestalls the transactional complexities that arise if the sale to a third party is completed prior to a final resolution of the claim." *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006) (internal citation omitted). In other words, § 363(m) "curtails the power of appellate courts to undo the authorized sale of estate assets to a good faith purchaser unless the sale has been stayed pending appeal." Otherwise, the appeal becomes statutorily moot. *Id.* at 361.

In this case, Glen Burnie failed to seek a stay of the lease assignment pending appeal, despite contemplating a stay at the Bankruptcy Court hearing. Without a stay, this Court cannot "grant effective relief" by reversing the Sale Order. *In re ICL Holding Co.*, 802 F.3d 547, 554 (3d Cir. 2015). Glen Burnie cannot avoid this result by arguing that the mootness provision does not

---

[1] Glen Burnie alternatively asks the Court to remand the Sale Order for specific findings of fact and conclusions of law. The Bankruptcy Court, however, properly issued its findings and conclusions from the bench at the July 2 hearing. *See In re Trak Auto Corp.*, 367 F.3d 237, 240 (4th Cir. 2004) (discussing the bankruptcy court's findings of fact and conclusions of law as stated from the bench).

[2] District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). Appellate courts review the factual findings of the bankruptcy court for clear error and review questions of law de novo. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

3

apply to the lease assignment in this case. "It is elementary that a leasehold is personal property and possibly of value to the debtor's estate[;] thus the assignment of a lease for a valuable consideration is a sale of property to which § 363(m) applies." *In re Adamson Co.*, 159 F.3d 896, 898 (4th Cir. 1998).

The Bankruptcy Court found that Ollie's qualified as a good faith purchaser pursuant to § 363(m), and Ollie's deserves the finality that this provision provides. *See Rare Earth Minerals*, 445 F.3d at 361 (affirming the district court's dismissal for statutory mootness because "hold[ing] otherwise would undercut § 363(m)'s express concern with the finality of bankruptcy sales"). Thus, the Court cannot reverse the Sale Order on appeal.

### 2. *Anti-Assignment Provision*

Even if the Court could grant relief, the Bankruptcy Court correctly held that the recapture clause in the parties' lease constitutes an unenforceable anti-assignment provision. The Bankruptcy Code allows trustees to assign contracts or leases notwithstanding any provision that "prohibits, restricts, or conditions the assignment of such contract or lease." 11 U.S.C. § 365(f)(1). Put differently, this provision "prohibits the enforcement in bankruptcy of anti-assignment clauses in leases." *Trak Auto*, 367 F.3d at 242. Certain lease provisions are so restrictive that courts, in their discretion, classify them as anti-assignment provisions. *In re E-Z Serve Convenience Stores, Inc.*, 289 B.R. 45, 50 (M.D.N.C. 2003). Many courts have characterized recapture provisions as anti-assignment clauses due to their restrictive nature. *E.g., In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033, 2017 WL 5564291, at *9 (Bankr. D. Del. Jan. 19, 2017); *In re Residential Capital, LLC*, No. 12-12020, 2012 WL 12906668, at *10 (Bankr. S.D.N.Y. Nov. 21, 2012).

The provision here allows Glen Burnie to recapture TRU's assignment of the sublease, which essentially prohibits assignment. Accordingly, under § 365(f)(1) and the cases interpreting

it, the Bankruptcy Court correctly declined to enforce the recapture clause. Glen Burnie, however, points out that Congress has recognized that "assign[ing] . . . a shopping center lease to an outside party can have a significant detrimental impact on others, in particular, the center's other tenants." *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086 (3d Cir. 1990). Glen Burnie thus argues that § 365(f)(1) does not pertain to this shopping center lease, and instead § 365(b)(3)(C) should apply. Section 365(b)(3)(C) requires shopping center tenants to assign their leases subject to any provisions restricting, for example, the "radius, location, use, or exclusivity" of the premises. 11 U.S.C. § 365(b)(3)(C); *see Trak Auto*, 367 F.3d at 241. In Glen Burnie's view, the recapture clause operates as a § 365(b)(3)(C) restriction, not a § 365(f)(1) anti-assignment provision.

The Fourth Circuit considered how the two provisions interact in *Trak Auto*. In that case, a shopping center lease contained a clause requiring tenants to use the retail space for auto parts and accessories. 367 F.3d at 240. The court found that the provision did not prohibit assignment pursuant to § 365(f)(1), and therefore, § 365(b)(3)(C) controlled the outcome of the case. *Id.* at 240, 242. In *Trak Auto*, the debtor-tenant could not assign the lease to an apparel store because the contract contained an enforceable use restriction for auto parts retailers, rather than an unenforceable anti-assignment clause. *Id.* at 240, 244. The Fourth Circuit carefully noted, however, that its decision did "not mean that § 365(f)(1) can *never* be used to invalidate a clause prohibiting or restricting assignment in a shopping center lease." *Id.* at 245 (emphasis added).

The parties' lease in this case goes much further than restricting the use of the premises to a certain type of retailer. Instead, the recapture provision enables Glen Burnie to veto TRU's lease assignment, regardless of the type of tenant. As other courts have observed, recapture clauses like this one impermissibly restrict assignment. Thus, the recapture provision here qualifies as the type

of anti-assignment clause that *Trak Auto* indicated § 365(f)(1) would invalidate. *See* 367 F.3d at 245 (noting that certain shopping center lease provisions would warrant applying § 365(f)(1)).

## III. CONCLUSION

Glen Burnie failed to seek a stay of the Sale Order, preventing the Court from disturbing the order on appeal. Even if the Court could grant relief, Glen Burnie cannot invoke the impermissible recapture provision in the lease to prevent the assignment to Ollie's. Accordingly, the Court will affirm the Bankruptcy Court's decision.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 26 Dec. 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge